THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

JARED D. GRAVEN, #1142044 )
)
    Plaintiff, )
)
V. )
) COMPLAINT NO._____
)
C.O.II (Unknown) BRASHEARS, )
C.O.I TERRY MEDLEY, )
C.O.I DERRICK JAMES, )
DR.(Unknown) CHADA, )
Nurse CHLOE CUDDY, )
Nurse TIFFANY MESGER, )
 Sued in their individual )
 and official capacities. )
)
    Defendant's, )

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. §1983

### Introduction

This is a civil rights action filed by Jared D. Graven, a State prisoner, for damages under 42 U.S.C. § 1983, alleging excessive force and denial of medical care in violation of the Eighth Amendment to the United States Constitution.

### Jurisdiction

1. The Court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§1331(1) and 1343.

### Parties

2. The Plaintiff, Jared D. Graven, was incarcerated at South Central Correctional Center during the events described in this complaint.

3. Defendant (Unknown) Brashears is a correctional Sergeant employed at South Central COrrectional Center. She is sued in her individual and official capacity.

-1-

4. Defendant Derrick James is a correctional officer employed at South Central Correctional Center. He is sued in his individual and official capacity.

5. Defendant Terry Medley is a correctional officer employed at South Central Correctional Center. He is sued in his individual and official capacity.

6. Defendant DR.(Unknown) Chada is a Corizion Medical Services employee, employed at South Central Correctional Center. He is sued in his individual and official capacity.

7. Defendant Chloe Cuddy is a Corizion Medical Services employee, employed at South Central Correctional Center. She is sued in her individual and offiocical capacity.

8. Defendant Tiffany Mesger is a Corizion Medical Services employee, employed at South Central Correctional Center. She is sued in her individual and official capacity.

### Facts

9. On July 2, 2019, the Plaintiff was being housed in the Administrative Segregation Unit of the South Central Correctional Center.

10. On July 2, 2019, at approximately 7:05 a.m., Plaintiff's assigned cellmate became intoxicated on narcotics and became violent causing the Plaintiff to Physically restrain him.

11. On July 2, 2019, C.O.I Derrick James and C.O.I Terry Medley came to Plaintif's cell door and found Plaintiff's cellmate to be incoherent and non-responsive.

12. Plaintiff was instructed to submit to restraints, for removal from his cell, which Plaintiff complied with without incident.

-2-

13. Plaintiff was placed in restraints and removed from his Administrative Segregation cell, again, without incident.

14. Plaintiff was then taken and placed in a secure security cage located within the Administrative Segregation Unit.

15. Plaintif, while in the security cage, was apprached, and interviewed, by Nurse Jane Doe, as to his physical well being. Plaintiff informed Nurse Jane Doe that he was not in need of medical treatment.

16. Nurse Jane Doe, after determining that Plaintiff was not in need of medical treatment, began to question Plaintiff as to what drug his cellmate had taken. Plaintiff refused to answer her questions.

17. Nurse Jane Doe then became angry at Plaintiff's refusal to answer her questions. She then ordered C.O.I Derrick James to remove Plaintiff from the security cage and bring him to the nurses station located within the Administrative Segregation Unit.

18. At approximately 7:40 a.m., Plaintiff was placed in handcuffs and leg restrains. Plaintiff was removed from the security cage and escorted to the medical room located within the Administrative Segregation Unit.

19. Upon arriving at the nurses station, Plaintiff was again questioned, by Nurse Jane Doe, about what drug his cellmate had ingested. And, again, Plaintiff refused to answer the question. This infuriated nurse Jane Doe.

20. Plaintiff was then taken back to the security cage where he remained until approximately 8:15 a.m.

21. At approximately 8:15 a.m., Plaintiff was placed, once again, in handcuffs and leg shackles, and escorted to the Medical Unit located with the South Central Correctional Center's Housing Unit one.

22. Upon arrival in the Medical Unit plaintiff was interviewed by Nurse Chloe Cuddy to determine his state of coherence. Plaintiff then had his "vitals" taken.

23. After this Medical examine, Plaintiff was requested to provide a urine sample. Plaintiff complied with this request by filling a cup and providing it to correctional staff.

24. Nurse Chloe Cuddy became upset with the sample Plaintiff provided, believing it to be diluted, she demanded a second sample, which Plaintiff refused to provide, she than began screaming about the "life saving" efforts be given Plaintiff's cellmate, and then stated, "we will just catheter him."

### Excessive Use of Force

25. Shortly after Nurse Chloe Cuddy's tirade, Plaintiff was es-escorted, after being placed in leg shackles and handcuffs, to the examination room within the Medical Unit. Upon arriving Plaintiff was confronted by DR.Chada who also requested that Plaintiff provide another urine sample. Plaintiff refused. And refused any further medical treatment.

26. After Plaintiff told DR.Chada he was refusing to provide a second urine sample, and further medical care, DR.Chada turned to C.O.II Brashears, and Nurses' Chloe Cuddy and Tiffany Mesger, who had already prepared a catheter kit, and stated, "just take it. In my country we don't ask. we just take it."

-4-

27. At this point, Plaintiff stated that he would, in fact, provide a second urine sample. However, Sgt.Brashears, who had placed her boot on the chain connecting Plaintiff's leg restraints, bound around his ankles, pushing them down toward the floor her enormous weight, which caused lacerations and bleeding, told Plaintiff, "you had your chance, now we're doing it this way."

28. Plaintiff, who had been sitting on the examination table, was forced bak and pinned down onto the examination table by C.O.I Derrick James and C.O.I Terry Medley, who placed the heels of their hands and their fists, into Plaintiff's ribs and sternum, causing the handcuffs on his wrists, which were behind his back, to tighten, they had not been "safety locked", to lacerate his wrist. Subsequently causing nerve damage in his hand.

29. Plaintiff screamed in pain and begged these officers to stop. That he would provide a urine sample. Sgt.Brashears told Plaintiff to "shut the fuck up," while bearing her considerable weight down even more on the chain connecting his leg shakles. Causing deeper lacerations to his ankles.

30. Sgt.Brashears then told Nurses' Chloe Cuddy and Tiffany Mesger to "go ahead and take it." At which point, Nurse Tiffany Mesger jerked the Plaintiff's pants and boxers down around his knees. Further adding her body weight to holding the Plaintiff down. Plaintiff, repeatedly, stated that he would voluntarily provide a urine sample. And was told to "shut up."

-5-

Case 6:21-cv-03080-MDH   Document 1   Filed 03/31/21   Page 5 of 11

31. Upon being forcibly striped, Nurse Chloe Cuddy brutally grabbed, and squeezed, the Plaintiff's penis, while bearing down the heel of her hand into the Plaintiff's testicles, souting at him to "quit moving." Nurse Chloe Cuddy then forced a non-lubricated catheter down Plaintiff's urethra.

32. Nurse Chloe Cuddy proceeded to force the non-lubricated catheter down Plaintiff's urethra, despite the Plaintiff's screams of pain, causing tearing and lacerations along the length of Plaintiff's urethra. Nurse Chloe Cuddy was unsuccessful in her first attemp to obtain a urine sample, Plaintiff had just provided one, but continued to withdraw, and to force, the non-lubricated catheter down into Plaintiff's bladder.

33. Nurse Chloe Cuddy finally relented after obtaining a small amount of urine tainted with blood. Upon Nurse Chloe Cuddy jerking the catheter from Plaintiff's urinary tract, Plaintiff's penis began to expel blood onto his legs, and into his boxers on ce he was dressed.

34. Plaintiff turned to DR.Chada and asked him to help him, that he was bleeding. DR.Chada told Plaintiff he should of "cooperated in the first place," and that the "bleeding would stop on its own."

35. Plaintiff then begged Nurses' Chloe Cuddy and Tiffany Mesger to help him, because the blood, from his penis, was flowing down his leg freely, and had already soaked through his pants. The Nurses laughed and walked away without comment.

36. Plaintiff was returned to his Administrative Segregation cell without receiving any medical treatment for his injuries. Plaintiff experienced bleeding from his urinary tract for several days

after the incident. And experienced excruciating pain due to the salt in his urine flowing across the open wounds of his urinary tract, which continued to reopen for several days after the assault. In addition, the Plaintiff had deep brusing to his penis and his testicles. And is now suffering from urinary incontinence.

37. The Plaintiff suffered deep lacerations, and brusing, to his ankles and feet due to Sgt.Brashears placing her considerable weight, via her boot, on the leg resrtaints chain while pinning the Plaintiff down. Plaintiff now has scars on his ankles.

38. The Plaintiff suffered lacerations and brusing to his wrist. And had bruised ribs, and sternum, from C.O.I Derrick James and C.O.I Terry Medley pinning Plaintiff down, with the heel of the hands, and their fists, onto his back and upon his handcuffed hands on hte examination table. Plaintiff is now suffering nerve damage to his wrist and hands.

## Exhaustion of Administrative Remedies

39. The Plaintiff has exhausted his administrative remedies with respect to all claims and all Defendant's.

40. The Plaintiff filed an Informal Resolution Request; a Grievance; and a Grievance Appeal. Listing all parties designated herein, while reciting the relevant facts and legal claims pertinent to Plaintiff's claims before this Court.

41. The Plaintiff by pursuing his claims through all three stages of the Missouri Department of Corrections Grievance Procedure has lawfully exhausted his administrative remedies with the Department of Corrections. Making the foregoing claims ripe for review in accordance with 42 U.S.C. §1997e.

### Previous Civil Actions

42. The Plaintiff has not filed any previous legal action in State or Federal Courts dealing with the material facts or legal claims as stated in the foregoing pleadings.

43. The Plaintiff has no Civil legal claims related or unrelated to the foregoing legal claims or facts pending in either State or Federal Court. Nor any previous legal claims related to the conditions of his confinement.

### Counsel

44. The foregoing pleadings were written and prepared with the aid and assistance of another prisoner. This prisoner's name is Victor Santiago #525003. The Plaintiff has no education, let alone training in the law. And would have been unable to perfect the foregoing legal pleading.

45. The Plaintiff sought the assistance of private counsel related to the foregoing legal claims by contacting the following attorney: Jacob Garrett, 202 Aid Avenue, West Plains, Mo. 65775.

### Claims for Relief

46. The actions of Defendant's Brashears, Chada, Cuddly, James, Medley and Mesger, in using physical force against the Plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically, and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

47. The failure of Defendant's Chada, Cuddy and Mesger to treat the multiple lacerations to the Plaintiff's wrist, ankles, Penis

and bladder, or provide aid to the Plaintiff's multitude of abrasions and bruied ribs constitutes deliberate indifference to the serious medical needs of the Plaintiff in violation of the Eighth Amendment to the United States Constitution.

## Relief Requested

WHEREFORE, Plaintiff request that the Court grant the following Relief:

A. A Jury trial on all of the claims setforth herein.

B. Award compensatory damages in the following amounts:

(1) $100.000 joinly and severally against Defendant's Brashears, Chada, Cuddy, James, Medley and Mesger for the physical injuries sustained as a result of the excessive use of force used upon the Plaintiff.

(2) $50.000 jointly and severally against Defendant's Chada, Cuddy and Mesger for their deliberate indifference to treat Plaintiff's obvious injuries and serious medical needs which has resulted in serious and ongoing injury.

C. Award punitive damages in the following amounts:

(1) 50.000 jointly and severally against Defendant's Brashears, Chada, Cuddy, James, Medley and Mesger for the physical injuries resulting from their excessive use of force and assault upon Plaintiff

(2) $50.000 against each Defendant Chada, Cuddy and Mesger fro their refusal to render medical care to Plaintiff's obvious injuries.

D. Grant such other relief as it may appear that Plaintiff is entitled.

I HERBY VERIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS BOTH TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND MEMORY. SWORN TO UNDER 28 U.S.C. §1746 THIS 22 DAY OF March

*[signature]*
JARED D. GRAVEN, #1142044

Respectfully submitted,

*[signature]*
JARED D. GRAVEN, #1142044
Southeast Corr. Center
300 E. Pedro Simmons Dr.
Charleston, Mo. 63834

Jared Graven # 1142044
Southeast Correctional Center
300 E. Pedro Simmons Dr.
Charleston, Mo. 63834

RECEIVED
2021 MAR 31 AM 11:51
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO



Office of the Clerk
1510 Whittaker courthouse
400 E. Ninth street
United States District Court
Western District of Missouri
Kansas city, Missouri 64106